UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:14-cv-148-EBA

TAMMY CLINE PRICE,                                                                                              PLAINTIFF,

v.                              **MEMORANDUM OPINION**
                                     **AND ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,                                         DEFENDANT.

## I.   INTRODUCTION

Plaintiff Tammy Cline Price brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final administrative decision denying her claim for disability insurance benefits (DIB). Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [R. 17] is denied, Defendant's Motion for Summary Judgment [R. 18] is granted, and Judgment is entered affirming the Commissioner's final decision.

## II.   BACKGROUND

Following his consideration of Plaintiff's claim under the Social Security Administration's five-step sequential evaluation process, see 20 C.F.R. § 404.1520, the Administrative Law Judge (ALJ) concluded in June 2013 that Plaintiff was not entitled to DIB. [Tr. 34-39]. Following the adverse decision of the ALJ, Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council, which denied Plaintiff's request for review, thereby finalizing the ALJ's decision. [Tr. 1-5]. On October 10, 2014, Plaintiff initiated the present action

1

by filing her Complaint in this Court. [R. 1]. The parties then prepared and submitted cross-motions for summary judgment pursuant to the Court's instruction. [R. 16]. On April 21, 2015, the motions became ripe for decision.

### III.   STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec. Admin., 375 F.3d 387, 390 (6th Cir. 2004) (internal citations and quotation marks omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations and quotation marks omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility, and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588, 596 (6th Cir. 1975); see also Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the

ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV.  ANALYSIS

Although in style, Plaintiff raises four separate arguments in her motion for summary judgment, in substance the Court only recognizes three distinct issues alleged by Plaintiff:

> 1. Whether the ALJ reasonably found that Plaintiff's mental impairments did not cause functional limitations;
>
> 2. Whether the ALJ accounted for all of Plaintiff's limitations associated with her seizures; and
>
> 3. Whether the ALJ reasonably weighed the opinion of Plaintiff's treating physician.

[Rs.17-1, 18]. For the reasons discussed below, each of these arguments is without merit, and the decision of the ALJ is affirmed.

**I. The ALJ reasonably found that Plaintiff's mental impairments did not cause functional limitations.**

Plaintiff contends that the ALJ failed to include her allegedly "severe" mental concentration limitations in the residual functional capacity (RFC) assessment and further erred by relying on non-examiners who did not review the entire record. Defendant counters that Plaintiff did not meet her burden to show a severe mental impairment, that various doctors contradicted Plaintiff's assertions of the severity of her mental impairment, and that a non-examiner's opinion is not required to be based on a review of Plaintiff's entire medical record.

Under 20 C.F.R. § 404.1520, it is the plaintiff's burden, at step two of the sequential evaluation, to show that she has a severe impairment. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). For an impairment to be "severe," the plaintiff must demonstrate that a medically

3

determinable impairment significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521.

The Court finds that the ALJ reasonably considered evidence of Plaintiff's mental limitations and found that they were not sufficiently severe as to cause functional limitations; thus, Plaintiff did not meet her burden to establish a "severe" mental limitation. First, the ALJ considered evidence dating back to 2004 from numerous examinations by Dr. Rutledge, one of Plaintiff's treating physicians, that Plaintiff's depression had stabilized, and even that she was doing well socially, "happily married," "cooperative," and "alert." [See, e.g.,Tr. 863, 827, 828-31, 834, 723]. Second, in his finding that Plaintiff can do light work, the ALJ considered – as he must under 20 C.F.R. § 404.1529 – and determined that Plaintiff's own reports that she reads for pleasure, prepares meals, goes shopping, and pays her bills demonstrated sufficient activity contradicting her claim of a "severe" mental limitation. [Tr. 48-49]. Accordingly, the ALJ's opinions are certainly supported by substantial evidence with which a reasonable mind may conclude that the Plaintiff did not suffer from a "severe" mental impairment. Warner, 375 F.3d at 390.

Furthermore, it was equally permissible both for the ALJ to afford greater weight to non-examining sources and for those sources to review something less than the "entire" medical record. [R. 17-1 at 14]. Although treating medical sources are typically entitled to greater weight, they may be afforded relatively little weight if their opinions are inconsistent with other substantial evidence in the record. See Walters v. Comm'r of Soc. Sec. Admin., 127 F.3d 525, 529-30 (6th Cir. 1997). Here, the ALJ found that Dr. Genthner, a psychologist examining Plaintiff on referral from the Department of Disability Determination, noted Plaintiff's "shakiness" or anxiety-related mental claims, but that these notes conflicted with those of Dr. Rutledge, who had treated Plaintiff for many

years; meanwhile, Plaintiff's other treating physician, Dr. Frederick, never recorded such mental deficits in his reports. [Tr. 50; compare Tr. 828, with Tr. 893]. Moreover, Dr. Harris, a reviewing state agency psychologist, found that Plaintiff's presentations did not reveal any severe mental limitations. [Tr. 99]. Thus it seems that Dr. Genthner's findings were the outlier in the record as a whole and, considering Dr. Frederick's lack of notes on this particular subject, it was within the ALJ's latitude to consider them as such in this case. [Tr. 50]. The Court cannot re-weigh the evidence in the face of this substantial evidence in the ALJ's findings. Warner, 375 F.3d at 390.

The final aspect of the Plaintiff's first argument – that non-examiners must review an entire record to be relied upon – is not a rule and, thus, does not afford her an avenue for relief. A brief history is required to place Plaintiff's claim in the correct legal context.

In Barker v. Shalala, 40 F.3d 789 (6th Cir. 1994), the Sixth Circuit commented only that "access" to the entire medical record is preferable to knowledge gleaned from one personal examination; the court did not say that an entire review of the medical record is necessary for a doctor to have a credible opinion. Id. at 794. Meanwhile, in the only case cited by Plaintiff, Jones v. Astrue, 808 F. Supp. 2d 993 (E.D. Ky. 2011), this Court suggested that, when the ALJ discounts a treating physician who is also an examiner in favor of the opinions of non-examiners, those non-examiners should have reviewed a "complete" record, including the opinion of a specialist on the impairment at issue. See id. at 998. Jones appeared to imply that, if an ALJ relies on a non-examiner over an examiner, only the latest opinions are credible because they could account for former opinions. Id. But Jones relied on a Social Security Ruling that did not create a definitive rule, and, more importantly, the Sixth Circuit has made it clear that no such rule exists. See SSR 96-6P, 1996 WL 374180, *3 (July 2, 1996). In Helm v. Comm'r of Soc. Sec. Admin., 405 F. App'x 997 (6th Cir.

2011), the Sixth Circuit stated that

> [t]here is no categorical requirement that the non-treating source's opinion be based on a "complete" or "more detailed and comprehensive" case record. The opinions need only be "supported by evidence in the case record." Once the ALJ determined not to accord [the treating physician's] opinion "controlling weight," the ALJ was required only to provide "good reasons" for giving greater weight to the opinions of agency sources.

Id. at 1002 (addressing SSR 96-6P) (internal citations omitted); accord Fry v. Comm'r Soc. Sec. Admin, 476 F. App'x 73, 75 (6th Cir. 2012) ("According to [plaintiff], [the non-examiner's] opinion was inadequate because it was based on a review of the record before she began treatment with [her treating physician]. However, the ALJ properly considered [the non-examiner's] report as opinion evidence.") (citing 20 C.F.R. § 404.1527)). Put simply, the rule is that when an ALJ decides not to afford a treating or examining physician controlling weight, the ALJ need only provide good reasons for giving greater weight to the non-examiners. Helm, 405 F. App'x at 1002.

Here, the ALJ considered Dr. Frederick's and Dr. Genthner's (two examiners') opinions but found them to be lacking and inconsistent with their own notes and other evidence in the record. [Tr. 50]. He then afforded two state agency opinions, as well as the opinions of Department of Disability Determination's Dr. Monderewicz, greater or "some" weight and gave his reasons for doing so. [Tr. 49-50]. Thus, under Helm, the ALJ followed applicable protocol. Likewise, regarding Plaintiff's mental limitations argument, [R. 17-1 at 10], the ALJ did not err by affording lesser weight to Dr. Genthner, an examiner. The record shows that Dr. Genthner examined Plaintiff once in 2012, while Dr. Rutledge treated Plaintiff as far back as 2004 and continued treating Plaintiff into 2013. Moreover, one of the two non-examining physicians – who were both afforded greater weight by the ALJ and with whom Plaintiff takes issue – actually reviewed the record *after* Dr. Genthner's examination. [Tr. 102]. Therefore, Plaintiff's claim is meritless even if Jones did present a

categorical rule, which it does not. See Helm, 405 F. App'x at 1002. Thus, we cannot say that the ALJ failed to base his opinion of Plaintiff's mental impairment on substantial evidence. Warner, 375 F.3d at 390.

**II. The ALJ properly accounted for Plaintiff's seizure-related limitations.**

Next, Plaintiff argues that the ALJ found Plaintiff's seizures to be a severe impairment and subsequently failed to include these limitations in the RFC finding. Plaintiff's only support for this argument is that "the ALJ should have included limitations for unscheduled breaks for seizure activity, limitations for concentration and attention as assessed by Dr. Genthner, and also affirmed by the claimant's testimony." [R. 17-1 at 13]. Defendant counters by arguing that the ALJ did, in fact, accommodate Plaintiff's seizures in his RFC finding and notes that the ALJ simply did not give full and controlling weight to Plaintiff's testimony about her seizures.

Initially, the undersigned notes that Plaintiff fails to explain or support her claim that the ALJ failed to incorporate his seizure severity finding into his analysis. As Defendant points out, the record reflects that the ALJ included some seizure-related limitations in his RFC finding, at the very least by limiting Plaintiff to avoiding heights and similar hazards risking a fall. [Tr. 49]. Therefore, Plaintiff cannot say that "the ALJ failed to include *any* limitations for the seizures." [R. 17-1 at 13 (emphasis added)]. Regarding the ALJ's consideration of Plaintiff's own testimony, a review of the record reveals that the ALJ found that some of Plaintiff's reported activities, such as her driving ability and her recent out-of-state travel to assist her daughter with moving, discredited the notion that her seizures were severe. [Tr. 49]. In short, the record shows that the ALJ did consider Plaintiff's seizure-related limitations in his findings–but, more importantly, he did not find Plaintiff's seizure-related testimony to be credible and thus did not afford it controlling weight in

the face of contrary evidence. [See, e.g., Tr. 49]. Plaintiff's scant argument on this claim clearly does not demonstrate that the ALJ's decision was unsupported by substantial evidence. Warner, 375 F.3d at 390.

At the end of this particular argument in her motion, Plaintiff goes on to state that the ALJ failed to accurately describe the Plaintiff in the hypothetical to the vocational expert. [R. 17-1 at 13]. Plaintiff does not say how the ALJ's hypothetical failed. Because this claim lacks any argument whatsoever, it is "perfunctor[ily]" waived. [See id.; Kennedy v. Comm'r Soc. Sec. Admin., 87 F. App'x 464, 466 (6th Cir. 2003)].

### III. The ALJ reasonably weighed Plaintiff's treating physician's opinion.

Plaintiff contends finally that the ALJ failed to give adequate reasons for discounting Plaintiff's treating physician, Dr. Frederick's, RFC assessment. Defendant counters that the Plaintiff's lack of argument means she has waived this issue but that, alternatively, the ALJ reasonably weighed Dr. Frederick's opinion and rejected them based upon their inconsistency with his own notes and other facts in the record.

Plaintiff's argument that the ALJ failed to give adequate reasons itself fails to provide adequate reasons for this Court to grant her relief. In her motion, Plaintiff merely describes Dr. Frederick's history with Plaintiff and states that the ALJ committed error. [R. 17-1 at 14]. Three case citations are then provided, but no application is even suggested to the instant case. Moreover, the cases clarify only the law that an ALJ must provide reasons on the record for discounting a treating physician's opinions such as Dr. Frederick's. See Blakley v. Comm'r of Soc. Sec. Admin, 581 F.3d 399, 409 (6th Cir. 2009) ("[W]here the ALJ fails to give good reasons on the record for according less than controlling weight to treating sources, we reverse and remand unless the error is a harmless

*de minimis* procedural violation."). Although it is true that a treating physician is often entitled to greater weight, an ALJ need not afford his opinions controlling weight if the ALJ's opinion is supported by sufficient clinical findings and consistent with other evidence in the record. Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993). Indeed, the ALJ addressed such an inconsistency and provided reasons for affording Dr. Frederick's opinion less than controlling weight. [See Tr. 50 ("The undersigned finds that [Dr. Frederick's] opinion does not support Dr. Frederick's own treatment notes concerning [Plaintiff] or the overall record. Such an opinion is too restrictive. Therefore the [ALJ] gives it little weight.")]. For example, the ALJ noted that Dr. Rutledge, who also treated Plaintiff for many years, conducted numerous examinations of Plaintiff that were relatively positive and did not comport with Dr. Frederick's findings. [See, e.g., Tr. 48, 723, 920, 923]. With no argument as to why the ALJ's stated reasons are insufficient, the Court must reject Plaintiff's bald claim. The Court must also point out that it will not substitute its own judgment for the ALJ's findings even if the reviewed evidence could support an opposite conclusion. Longworth, 402 F.3d at 595.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment [R. 17] be **DENIED**, the Defendant Commissioner's Motion for Summary Judgment [R. 18] be **GRANTED**, and that Judgment is entered affirming the final decision of the Commissioner.

Signed February 25, 2016.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge